C18-0989B

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| In Re: | Bk. No. 1:16-bk-12063 |
| Carol L Clark fka Carol L. Cummings, | Chapter 13 |
| Debtor | Property: 11500 Rodoan Ct., Cincinnati, Ohio 45240 |

**OPPOSITION TO TRUSTEE'S OBJECTION TO LATE FILED SUPPLEMENTAL
PROOF OF CLAIM**

Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE2 Asset-Backed Pass-Through Certificates, its assignees and/or successors in interest ("Secured Creditor" herein), who currently uses Carrington Mortgage Services, LLC as its servicing agent on this loan, hereby submits the following response to Trustee's Objection to Late Filed Supplemental Proof of Claim. Contemporaneous with the filing of this Response, Secured Creditor has also filed a Motion to Extend Deadline for Creditor to File a Supplemental Proof of Claim.

**FACTS**

A. <u>Motion for Relief and Resolution</u>

1.      Movant is the current payee of promissory note dated June 13, 2006 in the principal amount of $96,300.00 ("Note" herein) secured by a first mortgage of same date ("Mortgage" herein) upon property generally described as 11500 Rodoan Court, Cincinnati, OH 45240 ("Property" herein). Movant was assigned the beneficial interest in said Mortgage by an Assignment of Mortgage dated February 10, 2014.

1

2. Secured Creditor retains Prober and Raphael ALC, a California-based law firm ("Counsel," herein), to handle bankruptcy cases nationwide.[1] Secured Creditor retained Counsel to represent its interests in the instant case.

3. On or about May 27, 2016, the above-named Debtor filed her Chapter 13 Petition in Bankruptcy with this Court.

4. The Debtor's initial plan which was confirmed on July 26, 2016, provided for ongoing mortgage payments directly to Secured Creditor. The plan was modified in March 2017 to increase plan payments from $400 to $500, but the provision for ongoing direct mortgage payments to Secured Creditor was unchanged.

5. On May 23, 2018, Secured Creditor filed a Motion for Relief from Stay for the Property (hereinafter "Motion for Relief"). At the time of filing the Motion for Relief, Secured Creditor had not received ten (10) postpetition mortgage payments, amounting to a $6,691.35 default – Debtor was due for all mortgage payments coming due August 1, 2017 and later (Doc 40).

6. On June 5, 2018, Debtor filed a Response to the Motion for Relief (Doc 43) ("Response to MFR" hereinafter) stating: "The Debtor will file a motion to modify her plan to pay the post-petition arrearage through the plan and pay the mortgage via a conduit going forward."

7. On or about June 13, 2018, Co-Counsel[1] for Secured Creditor received email correspondence from the Trustee's office requesting a proposed agreed order to resolve the

---

[1] All references to "Counsel," herein refer to Secured Creditor's California-based Counsel.Outside California, Counsel associates with outside Co-Counsel licensed to practice in Co-Counsels' respective jurisdictions to assist in navigating the landscape of local practice, make court appearances, file pleadings, sign agreements, and other activity which could otherwise be construed as unauthorized practice of law if performed solely by Counsel.

2

Motion for Relief.

8. The Trustee refused to consent to any agreed order resolving the Motion for Relief unless the following language was included in such agreed order: "Movant shall file a supplemental proof of claim for the arrearages within 30 days of entry of the Order or the said supplemental claim shall be deemed disallowed and discharged contingent upon Debtor's completion of plan and entry of Discharge."

9. On July 23, 2018, before entry of the Order Granting Debtor's Motion to Modify, Secured Creditor, Debtor, and the Trustee (collectively referred to as "the Parties") submitted an Agreed Order re Motion of Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE2 Asset-Backed Pass-Through Certificates for Relief From Automatic Stay (hereinafter "Agreed Order on MFR") (Doc. 50).

10. The Agreed Order on MFR provides: "Debtor shall pay off arrearages in the total amount of $8,248.41, representing the August 2017 through July 2018 monthly payments plus filing fee cost of $181, less applied suspense of $-20.41.  Said arrearages shall be paid through the Debtor's Chapter 13 Plan.  Debtor shall amend the Chapter 13 Plan, if necessary, within 30 days of the entry of this order to reflect the addition of said arrears.  [Secured Creditor] shall file a supplemental proof of claim for the arrearages within 30 days of entry of the Order or the said supplemental claim shall be deemed disallowed and discharged contingent upon Debtor's completion of plan and entry of Discharge."

11. Because the Agreed Order on MFR was entered July 23, 2018, by implication, Secured Creditor's supplemental proof of claim for arrearages was due to be filed by August 22, 2018 ("deadline" hereinafter).

12. This Court granted the Debtor's Motion for Modification of Plan Post Confirmation on July 27, 2018 (Doc. 53) (hereinafter "Modified Plan"), filed June 25, 2018 (Doc 46). The Modified Plan increased plan payments from $500 to $1500 to accommodate changes to Debtor's treatment of Secured Creditor as outlined in her Response to the Motion for Relief: (1) conduit ongoing mortgage payments to Secured Creditor, and (2) cure of post-petition arrears owed to Secured Creditor, through the plan.

13. On August 16, 2018 the Parties submitted an Agreed Order Amending the Order Granting Debtor's Motion to Modify Plan (Doc. 56) providing: the increased plan payment of $1,500 is to accommodate post petition mortgage arrears in the amount of $8,248.41 plus conduit mortgage payment to Secured Creditor, with such mortgage payment to Secured Creditor to begin in August 2018, in the amount of $687.53 per month.

B. Secured Creditor's Supplemental Proof of Claim

14. On July 24, 2018, Counsel for Secured Creditor advised Secured Creditor that the Agreed Order on MFR was entered. Counsel for Secured Creditor advised Secured Creditor to begin the process of preparing the supplemental claim ("Supplemental POC" or "Supplemental Claim") for filing, as is required by the Agreed Order on MFR.

15. On August 3, 2018, Secured Creditor referred preparation of the Supplemental POC to Counsel – after Secured Creditor's approval, Counsel would file the Supplemental Claim on Secured Creditor's behalf.

16. On August 9, 2018, a non-attorney team-member ("processor") for Counsel sent the Counsel-prepared Supplemental POC to Secured Creditor for approval. Immediately after sending, the processor set a reminder – for August 24, 2018 – to follow up for the Supplemental POC's approval.

17. On August 16, 2018, Secured Creditor had not approved the Supplemental POC. Counsel for Secured Creditor requested a non-attorney team-member ("case manager") follow up for Secured Creditor's approval and to advise Secured Creditor that the Supplemental POC needed to be filed as soon as possible. However, Counsel did not reiterate the August 22, 2018 deadline for filing the Supplemental POC.

18. Counsel's case manager did not follow up to advise Secured Creditor that the Supplemental POC needed to be filed as soon as possible, nor did the case manager reiterate to Secured Creditor the August 22, 2018 deadline for filing the Supplemental POC.

19. On August 24, 2018, Secured Creditor approved the Supplemental POC for filing; Counsel immediately filed the Supplemental POC on the same day – two (2) days later than the August 22, 2018 due date for the Supplemental POC implicated by the Agreed Order on MFR.

20. On September 24, 2018, the Trustee filed her Objection to Late Filed Supplemental Proof of Claim ("Objection" hereinafter), because the claim was not filed within the allotted time.

## MEMORANDUM

Secured Creditor submits that, contemporaneous with the filing of this Response, it has also filed a Motion for Extension; both pleadings are based on the same facts and case law. Rather than completely recite the same argument, Secured Creditor will generally put forth the argument that is mentioned in greater detail in the Motion to Extend Time.

Bankruptcy courts have long had broad equity power to manage the affairs of debtors, see Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939). This power is now codified in Section 105 of the Bankruptcy Code. 11 USC § 105(a) provides that the court, on a

5

motion of a party in interest, may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Included in this inherent power is "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process". Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S. Ct. 1105, 166 L.Ed. 2d 956 (2007). (Decided on other grounds).

As of the date of Secured Creditor's Motion for Relief, Debtor failed to make ongoing mortgage payments (beginning with the August 1, 2017 payment) as required by her confirmed Plan. In order to resolve the Motion for Relief, the parties agreed to Debtor's repayment of $8,248.41 – representing the total of missed post-petition payments to Secured Creditor, plus the filing fee for the Motion for Relief. Debtor clearly understood the need to repay Secured Creditor. Debtor even showed a clear intent to repay the missed post-petition payments to Secured Creditor: Debtor modified her confirmed Plan to provide for payment of the $8,248.41 through the Plan and the Modified Plan was confirmed.

If Secured Creditor's Supplemental Claim is disallowed, Debtor or unsecured creditors would obtain a windfall benefit to the severe detriment of Secured Creditor.[2] Debtor failed to make ongoing mortgage payments as required by the plan; if this Court sustains the Trustee's Objection, the Debtor will be absolved of her obligation to make Secured Creditor whole for the $8,248.41 in missed ongoing mortgage payments. Moreover, neither the Debtor nor Trustee has provided any evidence showing that the Debtor might be harmed by allowance of the Secured Claim.

---

[2] If Secured Creditor's Claim is disallowed, it is unclear whether the Debtor will continue to be required to make plan payments as required by her Modified Plan. As such, it is unclear whether Debtor or unsecured creditors will ultimately benefit if the Trustee's objection is sustained.

6

The length of delay in filing the Supplemental Claim was two days. Under the terms of the Agreed Order on MFR, the Supplemental Claim was to be filed within 30 days of the entry of the Agreed Order on MFR. Instead the Supplemental Claim was filed 32 days after the entry of Agreed Order on MFR. Currently, Secured Creditor estimates 30 months remain in Debtor's Chapter 13 plan. Notwithstanding that the Trustee has not indicated that the Debtor has failed to make modified plan payments – if the claim were filed timely, it is presumed that the Trustee would have one additional month (31 months) to distribute on Secured Creditor's $8,248.41 Supplemental Claim. The $8,248.41 Supplemental Claim amount, spread over 31 remaining months would equate distribution of approximately $266.08, monthly; spread over 30 remaining months equates to distribution of approximately $274.95, monthly.

Secured Creditor's delay was only two days, and the maximum impact on judicial proceedings is less than a $10 per month increase in distribution to Secured Creditor. Given the minimal length of delay and impact on judicial proceedings – including the Trustee's distribution under the plan – Secured Creditor requests its Supplemental Claim be allowed and the Trustee's Objection overruled.

## **CONCLUSION**

The Agreed Order on MFR was meant to allow Debtor to stay in her home and make Secured Creditor whole as a result of the Debtor's failure to pay. Disallowance and discharge of Secured Creditor's Supplemental Claim is *extraordinarily disproportionate* to the Secured Creditor's failure to file its claim two (2) days earlier.

Therefore, for the reasons stated above, it is respectfully requested that the Trustee's Objection to Late Filed Proof of Supplemental Claim be denied.

WHEREFORE, Secured Creditor prays as follows:

(1) That Trustee's Objection to Late Filed Proof of Supplemental Claim be overruled;

(2) That Secured Creditor's Supplemental Proof of Claim be allowed;

(3) For such other relief as this Court deems proper.


Dated: October 24, 2018                              Respectfully submitted,

/s/ Richard J. LaCivita
REIMER LAW CO.
BY: Richard J. LaCivita #0072368
BY: Edward A. Bailey #0068073
30455 Solon Road, Solon, Ohio 44139
Phone: 440-600-5500 ~ Fax: 440-600-5522
Attorneys for Creditor
rlacivita@reimerlaw.com
ebailey@reimerlaw.com
C.241-2756.NF

CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing Objection was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on October 24, 2018 addressed to:

Carol L Clark, Debtor
11500 Rodoan Court
Cincinnati, OH 45240

Dated: October 24, 2018                    Respectfully submitted,

/s/ Richard J. LaCivita
REIMER LAW CO.
BY: Richard J. LaCivita #0072368
BY: Cynthia A. Jeffrey #0062718
BY: Edward A. Bailey #0068073
30455 Solon Road
Solon, Ohio 44139
Phone: 440-600-5500
Fax: 440-600-5522
Attorneys for Creditor
rlacivita@reimerlaw.com
cjeffrey@reimerlaw.com
ebailey@reimerlaw.com
C.241-2756.NF

9