C18-0989B

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| In Re: | Bk. No. 1:16-bk-12063 |
| Carol L Clark fka Carol L. Cummings, | Chapter 13 |
| Debtor | Property: 11500 Rodoan Ct., Cincinnati, Ohio 45240 |

**MOTION TO EXTEND DEADLINE FOR CREDITOR TO FILE
SUPPLEMENTAL PROOF OF CLAIM**

Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE2 Asset-Backed Pass-Through Certificates, its assignees and/or successors in interest ("Secured Creditor" herein), who currently uses Carrington Mortgage Services, LLC as its servicing agent on this loan, hereby respectfully moves this Court for an order pursuant to Fed. R. Bankr.P. 9006(a) extending the time in which to file its Supplemental Proof of Claim

**FACTS**

1.  Movant is the current payee of promissory note dated June 13, 2006 in the principal amount of $96,300.00 ("Note" herein) secured by a first mortgage of same date ("Mortgage" herein) upon property generally described as 11500 Rodoan Court, Cincinnati, OH 45240 ("Property" herein). Movant was assigned the beneficial interest in said Mortgage by an Assignment of Mortgage dated February 10, 2014.

2.  On or about May 27, 2016, the above-named Debtor filed her Chapter 13 Petition in Bankruptcy with this Court.

3.  The Debtor's initial plan which was confirmed on July 26, 2016, provided for

1

ongoing mortgage payments directly to Secured Creditor. The plan was modified in March 2017 to increase plan payments from $400 to $500, but the provision for ongoing direct mortgage payments to Secured Creditor was unchanged.

4. On May 23, 2018, Secured Creditor filed a Motion for Relief from Stay for the Property (hereinafter "Motion for Relief"). At the time of filing the Motion for Relief, Secured Creditor had not received ten (10) post-petition mortgage payments, amounting to a $6,691.35 default – Debtor was due for all mortgage payments coming due August 1, 2017 and later (Doc 40).

5. On June 5, 2018, Debtor filed a Response to the Motion for Relief (Doc 43) ("Response to MFR" hereinafter) stating: "The Debtor will file a motion to modify her plan to pay the post-petition arrearage through the plan and pay the mortgage via a conduit going forward."

6. On or about June 13, 2018, Co-Counsel[1] for Secured Creditor received email correspondence from the Trustee's office requesting a proposed agreed order to resolve the Motion for Relief.

7. The Trustee required that any agreed order resolving the Motion for Relief include the term: "Movant shall file a supplemental proof of claim for the arrearages within 30 days of entry of the Order or the said supplemental claim shall be deemed disallowed and discharged contingent upon Debtor's completion of plan and entry of Discharge."

8. On July 23, 2018, before entry of the Order Granting Debtor's Motion to Modify,

---

[1] Counsel for Secured Creditor is located in California and associates with Co-Counsel in Ohio which is licensed to practice in Co-Counsels' respective jurisdictions to assist in navigating the landscape of local practice, make court appearances, file pleadings, sign agreements, and other activity which could otherwise be construed as unauthorized practice of law if performed solely by Counsel.

2

Secured Creditor, Debtor, and the Trustee (collectively referred to as "the Parties") submitted an Agreed Order re Motion of Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE2 Asset-Backed Pass-Through Certificates for Relief From Automatic Stay (hereinafter "Agreed Order on MFR") (Doc. 50).

9. The Agreed Order on MFR provides: "Debtor shall pay off arrearages in the total amount of $8,248.41, representing the August 2017 through July 2018 monthly payments plus filing fee cost of $181, less applied suspense of $-20.41. Said arrearages shall be paid through the Debtor's Chapter 13 Plan. Debtor shall amend the Chapter 13 Plan, if necessary, within 30 days of the entry of this order to reflect the addition of said arrears. [Secured Creditor] shall file a supplemental proof of claim for the arrearages within 30 days of entry of the Order or the said supplemental claim shall be deemed disallowed and discharged contingent upon Debtor's completion of plan and entry of Discharge."

10. Because the Agreed Order on MFR was entered July 23, 2018, by implication, Secured Creditor's supplemental proof of claim for arrearages was due to be filed by August 22, 2018 ("deadline" hereinafter).

11. This Court granted the Debtor's Motion for Modification of Plan Post Confirmation on July 27, 2018 (Doc. 53) (hereinafter "Modified Plan"), filed June 25, 2018 (Doc 46). The Modified Plan increased plan payments from $500 to $1500 to accommodate changes to Debtor's treatment of Secured Creditor as outlined in her Response to the Motion for Relief: (1) conduit ongoing mortgage payments to Secured Creditor, and (2) cure of post-petition arrears owed to Secured Creditor, through the plan.

12. On August 16, 2018 the Parties submitted an Agreed Order Amending the Order

Granting Debtor's Motion to Modify Plan (Doc. 56) providing: the increased plan payment of $1,500 is to accommodate post petition mortgage arrears in the amount of $8,248.41 plus conduit mortgage payment to Secured Creditor, with such mortgage payment to Secured Creditor to begin in August 2018, in the amount of $687.53 per month.

13. On July 24, 2018, Counsel for Secured Creditor advised Secured Creditor that the Agreed Order on MFR was entered. Counsel for Secured Creditor advised Secured Creditor to begin the process of preparing the supplemental claim ("Supplemental POC" or "Supplemental Claim") for filing, as is required by the Agreed Order on MFR.

14. On August 3, 2018, Secured Creditor referred preparation of the Supplemental POC to Counsel – after Secured Creditor's approval, Counsel would file the Supplemental Claim on Secured Creditor's behalf.

15. On August 9, 2018, the Counsel-prepared Supplemental POC was sent to Secured Creditor for approval. Immediately after sending, a non-attorney team-member for Secured Creditor's Counsel, set a reminder – for August 24, 2018 – to follow up for the Supplemental POC's approval.

16. On August 16, 2018, Secured Creditor had not approved the Supplemental POC. Counsel for Secured Creditor requested a non-attorney team-member ("case manager") follow up for Secured Creditor's approval and to advise Secured Creditor that the Supplemental POC needed to be filed as soon as possible. However, Counsel did not reiterate the August 22, 2018 deadline for filing the Supplemental POC.

17. Counsel's case manager did not follow up to advise Secured Creditor that the Supplemental POC needed to be filed as soon as possible, nor did the case manager reiterate to

Secured Creditor the August 22, 2018 deadline for filing the Supplemental POC.

19. On August 24, 2018, Secured Creditor approved the Supplemental POC for filing; Counsel immediately filed the Supplemental POC on the same day – two (2) days later than the August 22, 2018 due date for the Supplemental POC implicated by the Agreed Order on MFR.

19. On September 24, 2018, the Trustee filed her Objection to Late Filed Supplemental Proof of Claim ("Objection" hereinafter), because the claim was not filed within the allotted time.

## I. THE TIME PERIOD FOR FILING THE SUPPLEMENTAL CLAIM MAY BE ENLARGED FOR SECURED CREDITOR'S EXCUSABLE NEGLECT

Bankruptcy Rule 9006 governs the computation, enlargement and reduction of time periods specified in other bankruptcy rules as well as "in the Federal Rules of Civil Procedure, in any local rule or court *order*, or in any statute that does not specify a method of computing time". Fed. R. Bankr.P. 9006(a) (emphasis supplied). Subdivision (b) of the Rule instructs as to when and how those time periods may be *enlarged:* It states:

> "Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion *** (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." (text omitted).

In order to succeed in filing a late claim under the above statute, the creditor must show excusable neglect. In re Garden Ridge Corp., 348 B.R. 642, 645 (Bankr. D. Del. 2006). Excusable neglect is not defined within the Bankruptcy Code. Instead, "it is based on equity and depends on the particular circumstances and facts of the case." Id., citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993).

In <u>Pioneer</u>, the Supreme Court read Bankruptcy Rule 9006(b)(1) to give bankruptcy courts broad discretion to allow late filed proofs of claim, where the failure to timely file the claim was the result of excusable neglect: "[B]y empowering the courts to accept late filings `where the failure to act was result of excusable neglect', Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness…." <u>Pioneer,</u> at 390, 113 S.Ct. 1489 (*quoting,* Rule 9006(b)(1)).

Courts generally consider four factors in deciding whether a claimant has established excusable neglect. <u>In re Garden Ridge Corp.</u>, 348 B.R. at 645, citing <u>Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.)</u>, 405 F.3 133 (3d Cir. 2005). These factors include (i) the danger of prejudice to the debtor; (ii) the length of delay and its impact on the judicial proceedings; (iii) the reason for the delay, including whether the delay was within the reasonable control of the movant; and, (iv) whether the creditor acted in good faith. <u>Id.</u> "All factors must be considered and balanced; no one factor trumps the others." <u>Id.</u>

A. <u>Danger of Prejudice to the Debtor</u>

Allowance of the Secured Creditor's late Supplemental POC presents no Prejudice against the Debtor. As of the date of Secured Creditor's Motion for Relief, Debtor failed to make ongoing mortgage payments (beginning with the August 1, 2017 payment) as required by her confirmed Plan. In order to resolve the Motion for Relief, the parties agreed to Debtor's repayment of $8,248.41, representing the total of missed post-petition payments to Secured Creditor, plus the filing fee for the Motion for Relief.

Debtor clearly understood the need to repay Secured Creditor. Debtor even showed a clear intent to repay the missed post-petition payments to Secured Creditor: Debtor modified her

6

confirmed Plan to provide for payment of the $8,248.41 through the Plan and the Modified Plan was confirmed.

The only danger of prejudice here is to Secured Creditor. If Secured Creditor's Supplemental Claim is disallowed, Debtor or unsecured creditors would obtain a windfall benefit to the severe detriment of Secured Creditor.[2] Debtor failed to make ongoing mortgage payments as required by the plan; if this Court sustains the Trustee's Objection, the Debtor will be absolved of her obligation to make Secured Creditor whole for the $8,248.41 in missed ongoing mortgage payments. Moreover, neither the Debtor nor Trustee has provided any evidence showing that the Debtor might be harmed by allowance of the Secured Claim.

Debtor suffers no prejudice if the Supplemental Claim is allowed while prejudice to Secured Creditor is imminent if its Supplemental Claim is disallowed. If sustained, the Trustee's Objection effectively enriches either the Debtor or unsecured creditors for the Debtor's failure to abide by the terms of her confirmed Chapter 13 plan as to Secured Creditor. Therefore, on balance, the danger of prejudice to the Debtor factor weighs heavily in favor of a finding of Secured Creditor's excusable neglect and allowance of the Supplemental Claim.

B. <u>Length of Delay and Impact on Judicial Proceedings</u>

The length of delay in filing the Supplemental Claim was two days. Under the terms of the Agreed Order on MFR, the Supplemental Claim was to be filed within 30 days of the entry of the Agreed Order on MFR. Instead the Supplemental Claim was filed 32 days after the entry of Agreed Order on MFR.

---

[2] If Secured Creditor's Claim is disallowed, it is unclear whether the Debtor will continue to be required to make plan payments as required by her Modified Plan. As such, it is unclear whether Debtor or unsecured creditors will ultimately benefit if the Trustee's objection is sustained.

Currently, Secured Creditor estimates 30 months remain in Debtor's Chapter 13 plan. If the claim were filed timely, it is presumed that the Trustee would have one additional month (31 months) to distribute on Secured Creditor's $8,248.41 Supplemental Claim. The $8,248.41 Supplemental Claim amount, spread over 31 remaining months would equate distribution of approximately $266.08, monthly; spread over 30 remaining months equates to distribution of approximately $274.95, monthly.

Secured Creditor's delay was only two days, and the maximum impact on judicial proceedings is less than a $10 per month increase in distribution to Secured Creditor. Therefore, on balance, the length of delay and impact on judicial proceedings factor weighs heavily in favor of a finding of Secured Creditor's excusable neglect and allowance of the Supplemental Claim.

C. Reason for Delay

Given that the Agreed Order on MFR provides for payment of $8,248.41 through the plan and required Debtor to modify her Confirmed Plan to provide the same, Counsel advised Secured Creditor to file a supplemental claim for arrears, but did not advise Secured Creditor of the specific supplemental claim deadline of August 22, 2018. Counsel did not set the correct deadline to follow up for the approved Supplemental POC, nor did Counsel follow up for approval prior to the deadline.

Secured Creditor had access to the agreed order and filing dates, but its Counsel failed to inform of the paramount supplemental claim deadline of August 22, 2018. Therefore, on balance, the reason for delay factor weighs slightly against a finding of Secured Creditor's excusable neglect and allowance of the Supplemental Claim.

8

D. Good Faith

Secured Creditor missed the August 22 deadline due to failure of its counsel to recognize and communicate the paramount importance of filing its Supplemental POC within 30 days of July 23, 2018. Secured Creditor acted with no bad faith in filing its Supplemental POC for the same amount as provided in the Agreed Order on MFR and Debtor's Modified Plan.

Therefore, on balance, the good faith factor weighs in favor of a finding of Secured Creditor's excusable neglect and allowance of the Supplemental Claim.

Because four factors in assessing excusable neglect clearly weigh in favor of finding excusable neglect on the part of Secured Creditor, this Court should find that Secured Creditors two-day-late Supplemental Claim should be allowed as the result of excusable neglect.

## II. THIS COURT HAS AUTHORITY TO ALLOW SECURED CREDITOR'S SUPPLEMENTAL CLAIM

Bankruptcy courts have long had broad equity power to manage the affairs of debtors, see Pepper v. Litton, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939). This power is now codified in Section 105 of the Bankruptcy Code. 11 USC § 105(a) provides that the court, on a motion of a party in interest, may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. Included in this inherent power is "the broad authority granted to bankruptcy judges to take any action that is necessary or appropriate 'to prevent an abuse of process". Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 127 S. Ct. 1105, 166 L.Ed. 2d 956 (2007). (Decided on other grounds).

Secured Creditor filed a Motion for Relief from the Automatic Stay on May 22, 2018 due to the Debtor's failure to make ongoing mortgage payments – beginning with her August 1, 2017 mortgage payment – as required by her confirmed plan. The Parties resolved the Motion for

Relief by agreed order, which required Debtor to repay $8,248.41 and file an amended plan providing for the same. In addition to the requirements on Debtor, the Agreed Order on MFR required Secured Creditor to file a Supplemental Claim for $8,248.41 within 30 days of entry of such order. Because Secured Creditor filed its Supplemental Claim for $8,248.41 two days late, the Trustee seeks to have the entire amount disallowed and discharged upon plan completion.

## CONCLUSION

The parties to the Agreed Order on MFR clearly agree that Secured Creditor is owed $8,248.41 (further evidenced by the Debtor's Response to MFR and the Debtor's Modified Plan), but the Trustee seeks to disallow and discharge the Secured Creditor's otherwise rightful claim because the claim was filed two days later than agreed. The Agreed Order on MFR was meant to allow Debtor to stay in her home and make Secured Creditor whole as a result of the Debtor's failure to pay. Disallowance and discharge of Secured Creditor's Supplemental Claim is *extraordinarily disproportionate* to the Secured Creditor's failure to file its claim two (2) days earlier.

WHEREFORE, the Movant herein requests that this Court extend the time within which to file its Supplemental Proof of Claim by two days.

Respectfully submitted,

/s/ Richard J. LaCivita
REIMER LAW CO.
BY: Richard J. LaCivita #0072368
BY: Edward A. Bailey #0068073
30455 Solon Road, Solon, Ohio 44139
Phone: 440-600-5500 ~ Fax: 440-600-5522
Attorneys for Creditor
rlacivita@reimerlaw.com
ebailey@reimerlaw.com
C.241-2756.NF

CERTIFICATE OF SERVICE

I, hereby certify that a copy of the foregoing Motion was served (i) **electronically** on the date of filing through the court's ECF System on all ECF participants registered in this case at the email address registered with the court and (ii) by **ordinary U.S. Mail** on October 24, 2018 addressed to:

Carol L Clark, Debtor
11500 Rodoan Court
Cincinnati, OH 45240

Dated: October 24, 2018                     Respectfully submitted,

/s/ Richard J. LaCivita
REIMER LAW CO.
BY: Richard J. LaCivita #0072368
BY: Cynthia A. Jeffrey #0062718
BY: Edward A. Bailey #0068073
30455 Solon Road
Solon, Ohio 44139
Phone: 440-600-5500
Fax: 440-600-5522
Attorneys for Creditor
rlacivita@reimerlaw.com
cjeffrey@reimerlaw.com
ebailey@reimerlaw.com
C.241-2756.NF